**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ONE LONGHORN LAND I, L.P. | § | |
| | § | |
| V. | § | |
| | § | |
| DEFENDANT FF ARABIAN, LLC, | § | No. 4:15cv203-RC-CMC |
| PALO VERDE FUND, L.P., DAVID | § | |
| PRESLEY, INDIVIDUALLY AND AS | § | |
| TRUSTEE OF THE DAVID C. | § | |
| PRESLEY REVOCABLE TRUST | § | |
| DATED OCTOBER 18, 1991, PAUL | § | |
| ROSS and ANTHONY STACY | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On September 15, 2015, the United States Magistrate Judge issued a Report and Recommendation [Doc. #38], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended Defendant David Presley's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim [Doc. #26] be **DENIED**.

## BACKGROUND

On May 22, 2015, One Longhorn Land I, L.P. ("Plaintiff") filed a First Amended Complaint against Defendant FF Arabian, LLC ("FF Arabian"); Palo Verde Fund, L.P.; David Presley ("Presley"); Paul Ross; and Anthony Stacy to recover monetary damages, civil penalties, and all other available remedies for violations of the Securities Exchange Act of 1934 (the "Exchange Act"), the Texas Securities Act (the "Texas Securities Act"), and Texas common

law.[1]  Defendant Presley is the only defendant that has entered an appearance or filed a responsive pleading.

## RECOMMENDATION

Plaintiff brings claims against Presley for (1) secondary liability under § 20(a) of the Exchange Act for violations of § 10(b) and Rule 10b-5 promulgated thereunder, (2) secondary liability for violations of § 581-33 of the Texas Securities Act, and (3) aiding and abetting violations of the Texas Securities Act. In his motion to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted, Presley argues the claims should be dismissed because Plaintiff cannot show Presley had any actual control or influence over the business operations of FF Arabian; Presley was never in control of FF Arabian and is not secondarily liable for its alleged violations; and Presley is not liable for aiding and abetting any alleged violations because he did not know of any such violations and did not provide material aid.

Accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, the Magistrate Judge found Plaintiff has stated a plausible claim. *Capital Parks, Inc. v. Se. Advert. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994). Thus, the Magistrate Judge recommended Presley's motion be denied.

## OBJECTIONS

On October 2, 2015, Presley filed objections to the Report and Recommendation [Doc. #41], asserting the Magistrate Judge failed to provide any substantive analysis in support of the

---

[1] In the First Amended Complaint, Plaintiff added FF Arabian and Palo Verde as defendants and dropped all allegations of direct liability against Defendant Presley. Plaintiff now brings suit against Presley individually and as "Trustee of the David C. Presley Revocable Trust Dated October 18, 1991."

recommendation. Specifically, Presley focuses on Plaintiff's fraud claim and argues it should be dismissed because Plaintiff fails to support the conclusory fraud allegations with any specific factual allegations. Presley further asserts Plaintiff has not stated a plausible claim under both § 20(a) of the Exchange Act and § 581-33 of the Texas Securities Act. Finally, Presley objects to the finding that Plaintiff has stated a claim for aiding and abetting violations of the Texas Securities Act.

On October 9, 2015, Plaintiff filed its response [Doc. #19].

## *DE NOVO* REVIEW

The Court first notes the concise nature of the Magistrate Judge's Report and Recommendation does not render it inaccurate. The Court, having conducted a *de novo* review, agrees with the Magistrate Judge, accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiff, that Plaintiff's First Amended Complaint states claims that are plausible on their face. The Court discusses this conclusion in more detail as follows.

**Whether Plaintiff sufficiently alleges claims for fraud**

First, Plaintiff has sufficiently alleged a common-law fraud claim against Presley. Federal Rule of Civil Procedure 9(b) states that Plaintiff must "state with particularity the circumstances constituting fraud." This requires Plaintiff to "allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *Norwood v. Raytheon Co.*, 501 F. Supp. 2d 836, 838 (W.D. Tex. 2006) (quoting *Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994)). In its First Amended Complaint, Plaintiff alleges that he purchased an interest in FF Arabian based in part on intentional misstatements by FF Arabian, at the direction and control of Presley, (1) of the amounts that other investors had contributed to FF Arabian, (2) that "the representations and warranties contained in FF Arabian's company

agreement were true and correct," and (3) that materials given to Plaintiff as part of his investment were inaccurate. Plf.'s 1st Amend. Comp., Doc. # 12, ¶ 3. To support these claims, Plaintiff alleges numerous facts concerning its dealings with FF Arabian and Presley, which if taken as true as they must be in a 12(b)(6) analysis, support a common-law fraud claim. *See* Plf.'s 1st Amend. Comp., Doc. # 12, ¶¶ 38–54. The court concludes that Plaintiff has alleged enough facts to meet the particularity requirement of Rule 9(b).

**Whether Plaintiff sufficiently alleges claims for control person liability pursuant to the Exchange Act and the Texas Securities Act**

Section 20(a) of the Exchange Act and Article 581-33(F)(1) of the Texas Securities Act each impose derivative liability upon any person who indirectly controlled any entity that committed securities fraud in violation of the Exchange Act or the Texas Securities Act, respectively. "The statutory language identifies two components to a control-person claim: (1) a primary violation by a controlled person; and (2) direct or indirect control of the primary violator by the defendant." *Trendsetter Inv'rs, LLC v. Hyperdynamics Corp.*, Civil Action No. H-06-0746, 2007 WL 172627, at *15 (S.D. Tex. Jan. 18, 2007).

Courts in the Fifth Circuit apply a "relaxed" and "lenient" pleading standard for evaluating whether a plaintiff has sufficiently alleged a claim for control person liability. *Id.* A plaintiff is "not required to plead facts showing that the defendant acted in bad faith." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 598 (S.D. Tex. 2003). A plaintiff "need not allege that the controlling person actually participated in the underlying primary violation to state a claim for control person liability." *In re Pilgrim's Pride Corp. Sec. Litig.*, Civil Action No. 2:08-CV-419-TJW, 2010 WL 3257369, at *33 (E.D. Tex. Aug. 17, 2010). Contrary to Defendant's assertion, the heightened pleading burdens imposed by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (the "PSLRA") do

4

not apply to a claim for control person liability because neither fraud nor scienter are elements of the claim. *See, e.g. In re Fleming Companies Inc. Sec. & Derivative Litig.*, 2004 WL 5278716, at *44 (E.D.Tex.2004) (Controlling person liability under section 20(a) is not subject to the heightened pleading requirements of Rule 9(b), but is instead governed by Rule 8).

The Court also finds without merit Defendant's claim that Plaintiff's claims for control person liability should be dismissed because "Plaintiff has not shown that Presley exerted actual control over" the primary violator, FF Arabian. Of course, this is a 12(b)(6) motion so the court is reviewing the *allegations*, not what the evidence has, or has not, "shown." At this stage, a plaintiff need only allege that Presley possessed the power to control the primary violator, not that control was exercised. *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 957–58 (5th Cir. 1981). The Fifth Circuit has "rejected more stringent requirements such as . . . the actual exercise of the controlling person's power to control." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Civil Action No. H-01-3624, 2004 WL 764664, at *5 (S.D. Tex. Mar. 31, 2004).

The Securities and Exchange Commission defines the term "control" to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. § 230.405(f). Because "[t]he statute is remedial and is to be construed liberally," courts have interpreted § 20(a) as requiring "only some indirect means of discipline or influence short of actual direction," and have indicated that "indirect means of discipline or influence need not be stock ownership. It may arise from business relationships, interlocking directors, family relationships and a myriad of other factors." *Harriman v. E.I. DuPont De. Nemours & Co*., 372 F. Supp. 101, 105 (D. Del. 1974). Without opinion on whether Plaintiff can

5

prove its case, the court concludes that the First Amended Complaint makes the required factual allegations.

For example, Plaintiff alleges "Defendant Presley continuously and systematically exerted paternal and financial influence and control over [his son] Brian Presley in order to direct or cause the direction of Brian Presley's actions" relating to: (a) "the structuring" of FF Arabian; (b) "sourcing and using funds" held by FF Arabian; (c) "the contents of marketing materials, financial statements, and legal filings" of FF Arabian; and (d) "the identification and solicitation of investors" in FF Arabian. 1st Amend. Complaint, ¶19. These allegations, when viewed in the light most favorable to Plaintiff, state a plausible claim that Presley indirectly possessed the power to control FF Arabian.

Plaintiff also alleges FF Arabian's company agreement authorizes and empowers Freedom Films LLC ("Freedom Films"), as sole manager of FF Arabian, to "manage and conduct the day-to-day operation of the company" and to "take any and all other action in connection with the company. . . ." *Id*., ¶22. Pursuant to Freedom Films' operating agreement, the approval of both members of Freedom Films is necessary to direct or cause the direction of the management and policies of Freedom Films, which includes directing the management and policies of Defendant FF Arabian. *Id*., ¶17. The two members of Freedom Films are: (1) the David C. Presley Revocable Trust Dated October 18, 1991 (the "Presley Trust"), of which Defendant Presley is the trustee; and (2) Perception Entertainment, Inc., of which Brian Presley is the manager. *Id*., ¶16. According to Plaintiff, as the trustee of the Presley Trust, Defendant Presley directly possessed the power to direct or cause the direction of the management and policies of the Presley Trust. *Id*.

Plaintiff further alleges Defendant Presley indirectly possessed the power to direct or cause the direction of the management and policies of Freedom Films and, in turn, Defendant FF Arabian. *Id.*, ¶¶ 18, 23. These allegations state a plausible claim that Defendant Presley indirectly possessed the power to control FF Arabian. In sum, Plaintiff's factual allegations, when viewed in the light most favorable to Plaintiff, state a plausible claim that Defendant Presley possessed the power to control FF Arabian.

**Whether Plaintiff sufficiently alleges a claim for aider and abettor liability pursuant to the Texas Securities Act**

Presley also asserts Plaintiff's claim for aider and abettor liability should be dismissed because "Plaintiff has not . . . alleged that [Defendant] Presley provided 'substantial assistance' to any alleged violations." Objections at 7.

Article 581-33(F)(2) of the Texas Securities Act imposes derivative liability upon any person who "directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security" that committed securities fraud in violation of the Texas Securities Act. TEX. REV. CIV. STAT. ANN., Art. 581-33(F)(2). Plaintiff's allegations, when viewed in the light most favorable to Plaintiff, state a plausible claim that Presley facilitated, directed, and controlled the activities of FF Arabian alleged to have violated the Texas Securities Act.

Presley further contends Plaintiff's claim for aider and abettor liability should be dismissed because "Plaintiff has not . . . alleged that [Defendant] Presley was subjectively aware of FF Arabian's violations" or "acted with the requisite Scienter." Objections at 7. However, as urged by Plaintiff, the Texas Supreme Court has held that an alleged aider can be held liable if he possesses at least "general awareness" of the primary violator's improper activities. *Sterling Tr. Co. v. Adderley*, 168 S.W.3d 835, 840–41 (Tex. 2005).

7

The First Amended Complaint contains factual allegations that state a plausible claim that Defendant directed and controlled the specific activities of FF Arabian that allegedly violated the Texas Securities Act. Plaintiff's allegations of control, when viewed in the light most favorable to Plaintiff, state a plausible claim that Defendant possessed at least general awareness of FF Arabian's allegedly improper activities.

## **CONCLUSION**

The Court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the Court concludes Plaintiff's objections are without merit and are, therefore, overruled. It is therefore

**ORDERED** the Report and Recommendation of United States Magistrate Judge [Doc. #38] is adopted.

Accordingly, Defendant David Presley's Motion to Dismiss Under Rule 12(b)(6) For Failure to State a Claim [Doc. #26] is **DENIED.**

So **ORDERED** and **SIGNED** this **23** day of **November, 2015.**

_____
Ron Clark, United States District Judge